## LITTLE v. CAMMACK ET AL.

[69 South. 594.]

1. PARTITION. *Resale. Bond. Sufficiency. Statutes.*

When a bond was executed to prevent the confirmation of the sale of land under a partition proceeding and was not conditioned according to section 650 of the Code of 1906, but was treated by the court in its decree as a statutory bond; after the decree approving the bond, section 1022, Code 1906, cures all defects and all parties to the bond are "liable to a judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law."

2. PARTITION. *Resale. Damages.*

In a proceeding to prevent confirmation and for a resale in partition, damages to the first purchaser will not be adjudicated.

APPEAL from the chancery court of Lawrence county. HON. R. E. SHEEHY, Chancellor.

Suit by Mrs. Marian Cammack and others for partition. On objection to the confirmation of the sale, H. E. Little moved for an allowance of damages, and on a denial of such motion appeals.

The heirs of W. W. Fox, deceased, filed a petition in the chancery court praying a sale of certain lands for partition among the heirs at law. The court ordered the plantation sold, and appointed a special commissioner to make the sale. The commissioner advertised the land for sale, and appellant became the highest bidder for the sum of six thousand, nine hundred and fifty dollars, and the land was struck off to him for that sum. He paid one thousand dollars cash and promised to pay the balance as soon as he could have title to the land examined by his attorney.. Before the sale was confirmed, appellee, one of the heirs at law, filed objections to the confirmation of such sale, and prayed a resale of said land, and filed a bond in double

109 Miss.—48

the sum of the amount bid by appellant, as provided by statute. The condition of the bond is as follows:

"The condition of this bond is that the principal obligor herein has filed her objection to the sale of that certain tract of land situated in Lawrence county, state of Mississippi, known as the Fox plantation. . . . and has asked for a resale of said property, and guaranteed that at a resale the same shall be at least twenty per centum more than the said sum for which it was sold to H. E. Little. Now, therefore, if the said principal obligor shall at a resale of the said property obtain a buyer for the said property at an advance of twenty per centum or more over the price sold to the said H. E. Little, as the law provides, then this obligation is to be void; otherwise, it shall remain in full force and effect."

The court sustained the objections of appellee, and set aside the sale, and ordered a resale of the property.

Section 650 of the Code of 1906, under which this objection is filed, provides:

"650. (600) *Bond to Prevent Confirmation.* (Laws 1884, p. 71.) The party who objects to a sale under a decree because of the inadequacy of the bid, or any person interested therein, may prevent the confirmation thereof by entering into a bond in a penalty equal to double the amount of the bid, with sufficient sureties, to be approved by the court or clerk, payable to the opposite party, conditioned to pay all costs of a resale, and that the property shall bring thereat an advance of not less than twenty per centum upon the bid, exclusive of the cost of resale."

The appellant moved the court to allow him damages, for the reason that he had purchased the land in good faith and had gone to considerable expense in employing an attorney to make an abstract and pass upon the title, and made two or three trips, purchased certain implements, and traded his buggy horse for a

mule to be used on said plantation, and had contracted with tenants, relying upon the representations of the attorneys for the heirs that no objection would be made to the confirmation of the sale, and had employed an attorney to contest the petition of appellee. The court overruled the motion and this appeal is prosecuted.

On appeal one of the grounds for reversal urged by appellant is that the bond executed by appellee is not within the terms of the statute, since it did not obligate the principal to pay the costs of the resale, or that the property would bring an advance price of twenty per cent. exclusive of the cost of resale. The decree of the court ordering the resale recited that appellant—

"has entered into bond in the sum of thirteen thousand, nine hundred dollars payable to the opposite parties, conditioned that the land at a resale shall bring an advance of twenty per cent over the price bid, above and exclusive of the costs of resale."

Section 1022 of the Code of 1906 provides: "When a bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, or for the performance of any public contract, or for the faithful discharge of any duty, it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned: and the persons executing such bond or other undertaking shall be bound thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertaking, payable and conditioned as prescribed by law, would have had."

*Clem V. Ratcliff, McNeil & Loeb* and *Mayes & Mayes,* for appellant.

*H. J. Wilson,* for appellees.

COOK, J., delivered the opinion of the court.

The bond executed by Mrs. Cammack to prevent the confirmation of the sale of the land, if not conditioned according to section 650 of the Code, 1906, was treated by the court in its decree as a statutory bond. After the decree approving the bond, section 1022, Code 1906, cures all defects, and all parties to the bond are—
"liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law."

The expenditures made by appellant for the purpose of making good his bid were such as he would naturally incur without reference to any representations of appellee. Presumably his bid was made in good faith, and it would seem that prudence demanded that he should have the title to the land examined, either before or after confirmation, and that he make financial arrangements to pay for the land. The trading of a buggy horse for a mule is rather remote in any event.

Putting to one side these considerations, the chancellor was not called upon to adjudicate damages in this sort of proceeding.

*Affirmed.*